UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:13-CR-0081-JMS-MJD-1 |
| ) | |
| MARK ALLEN MCKINNON, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court pursuant to the April 24, 2013 Order entered by the Honorable Jane Magnus-Stinson designating the duty Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed on April 23, 2013.[1] Pursuant to that Order, the Court herein submits proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§ 3401(i) and 3583(e).  Proceedings were held on April 25, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[2]

On April 25, 2013, Mark Allen McKinnon ("McKinnon") appeared in person with appointed counsel, William H. Dazey, Jr.  The government appeared by MaryAnn T. Mindrum, Assistant United States Attorney.  U. S. Parole and Probation appeared by Diane Asher, U. S. Parole and Probation officer.

---

[1] The Petition was originally filed in United States District Court for the Southern District of Alabama, but was transferred to the Southern District of Indiana as per court order, filed April 23, 2013.

[2] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. § 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. and Title 18 U.S.C. § 3583:

1. Mr. McKinnon was readvised of his rights and of the nature of the violations alleged against him and acknowledged receipt of the notice of said allegations.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. McKinnon and his counsel, who informed the Court that they had read and understood the violations listed in the Petition and waived further reading thereof.

3. Mr. McKinnon was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. McKinnon was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. McKinnon was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. McKinnon was advised that if the preliminary hearing resulted in a finding of probable cause that Mr. McKinnon had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with the District Court's designation.

7. Mr. Dazey stated that Mr. McKinnon would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition.

Mr. McKinnon executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Mr. McKinnon, through counsel, stipulated that he committed Violations (1) Standard #3, (2) Special, and (3) Standard 7, as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on April 23, 2013 as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **Standard #3** | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."** In that, Mr. McKinnon has failed to respond to the probation officer's instructions provided on February 28, March 1, March 4, March 5, and March 7, 2013.<br><br> Details:  The offender's probation officer, Jason Phillips, states he attempted contacts with McKinnon on February 28, March 1, March 4, and March 7, 2013.  On each occasion Mr. Phillips left messages for McKinnon to contact him.  On each occasion the offender failed to follow those instructions.  Furthermore, McKinnon had a scheduled appointment with the probation officer on March 5, 2013, but failed to report as instructed.  On March 12, 2013, the probation officer spoke with McKinnon and asked the offender about his failure to respond to these instructions to contact the probation officer and to report.  McKinnon offered no explanation or excuses as to "why he ceased all contact" with the probation officer. |
| **Special** | **"The defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse and mental health treatment and/or counseling as directed by the Probation Office."** In that, Mr. McKinnon failed to keep appointments for his substance abuse assessment on March 27, and April 9, 2013; failed to report for drug testing on April 9, 2013; and tested positive for marijuana on the following dates:<br><br>February 19, 2013,<br>March 12, 2013,<br>March 16, 2013,<br>March 23, 2013,<br>March 27, 2013, |

>April 3, 2013, and,
>April 10, 2013
>Details:  United States Probation Officer Jason Phillips, a Drug and Alcohol Treatment Specialist, the offender's probation officer, reports that the offender was released from the Bureau of Prisons on February 12, 2013, and began supervision in the Southern District of Indiana.  The urine samples submitted on February 19, March 12, March 16, March 23, March 27, April 3, and April 10, 2013, all tested positive for marijuana.
>
>Mr. Phillips reports that the offender failed to report to submit a urine sample on April 9, 2013.  Likewise, McKinnon was instructed to report for a substance abuse assessment on March 27, and April 9, 2013, but failed to keep either appointment.

**Standard #7**   **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."**  In that, on or about March 22, 2013, the offender was either smoking marijuana, or in the immediate company of others smoking marijuana, at his residence.  In addition, the offender tested positive for marijuana on February 19, 2013; March 12, 2013; March 16, 2013; March 23, 2013; March 27, 2013; April 3, 3013; and April 10, 2013.

>Details:  On March 22, 2013, United States Probation Officer Jason Phillips made a "home contact."  At that time the offender met Mr. Phillips on the front porch of the residence.  The offender wanted to talk outside.  Mr. Phillips told the offender that he wanted to go inside to talk.  On two occasions McKinnon attempted to continue their conversation on the porch.  Mr. Phillips again told McKinnon than [sic] they needed to talk inside the residence.  Upon entering the residence, Mr. Phillips stated that they "walked into a haze of marijuana smoke."  Mr. McKinnon denied smoking marijuana, but alluded to his "girlfriend's daughter" as the one who was smoking marijuana at the residence.  Mr. Phillips reports that a five-year-old child was present in the home.  The adult woman "eventually produced a marijuana smoking device."

9. The Court placed Mr. McKinnon under oath and directly inquired of Mr. McKinnon whether he admitted the violation of the specifications of his supervised release set forth above.  Mr. McKinnon stated that he admitted the violations as set forth above.

10. The government moved to dismiss specifications numbered Statutory and Standard #11 contained in the Petition, and the Court dismissed the same.

11. Counsel for the parties further stipulated to the following:

    a. Violation Standard #7 is alleged as a Grade B violation, pursuant to U.S.S.G. § 7B1.1(a)(2).

    b. Mr. McKinnon has suffered criminal convictions that yield a criminal history category of IV.

    c. The term of imprisonment applicable upon revocation of Mr. McKinnon's supervised release, therefore, is 12 to 18 months of imprisonment. *See*, U.S.S.G. § 7B1.4(a).

12. The parties presented evidence and argument regarding the sentence to be imposed.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Mark Allen McKinnon, violated the above-delineated conditions in the Petition.

Mr. McKinnon's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of twelve months and one day, to be followed by one year and three-hundred and sixty-four (364) days (i.e. one day less then two years) of supervised release with the standard conditions (including any previous conditions imposed) and a special condition that Mr. McKinnon shall reside for no more than six (6) months following his release at a Residential Reentry Center (RRC) to be determined by probation.

The Magistrate Judge requests that Diane Asher, U. S. Parole and Probation Officer, prepare for submission to the Honorable Jane Magnus-Stinson, District Judge, as soon as

practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. The parties waived the right to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. McKinnon's supervised release and imposing a sentence of imprisonment of twelve months and one day in the custody of the Attorney General or his designee. Further, upon Mr. McKinnon's release from confinement, he will be subject to a term of supervised release of one year and three-hundred and sixty-four (364) days as set forth above.

**IT IS SO RECOMMENDED** this 3rd day of May, 2013.

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

MaryAnn T. Mindrum
Assistant United States Attorney
maryann.mindrum@usdoj.gov

Bill Dazey
Indiana Community Federal Defender
bill_dazey@fd.org

U. S. Parole and Probation

U. S. Marshal