UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 1:13-cr-0081-JMS-MJD-1 |
| MARK ALLEN MCKINNON, | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On November 24, 2014, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on November 5, 2014. Defendant McKinnon appeared in person with his appointed counsel, Gwendolyn Beitz. The government appeared by Joe Vaughn, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Chris Dougherty.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant McKinnon of his rights and provided him with a copy of the petition. Defendant McKinnon waived his right to a preliminary hearing.

2. After being placed under oath, Defendant McKinnon admitted the violations. [Docket No. 15]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|

1 **"The defendant shall not unlawfully possess a controlled substance."**

2 **"The defendant shall refrain from any unlawful use of a controlled substance."**

The offender submitted tow drug screens which tested positive for marijuana on September 23, 2014, and October 3, 2014. The offender signed an admission report and verbally admitted smoking marijuana to produce these positive screens.

3 **"The defendant shall participate in a substance abuse treatment program at the discretion of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment."**

On September 23, 2014, when a urine screen was requested during a home exam, the offender admitted he would test positive for marijuana and refused to provide a screen. He became agitated and stated "send me back to prison!" The offender was advised that the probation officer would give him twenty-four hours to reconsider his stance and then a violation would be filed with the Court. Approximately four hours later, the offender called this officer and stated he would provide a screen, which later tested positive for marijuana.

The offender submitted a dilute drug screen on October 30, 2014. On November 4, 2014, he stalled on a urine screen for three hours in the probation office. After three hours, he stated he was ready to provide a sample, however; on his way to the bathroom with the collector, he turned to this probation officer and stated, "screw you, go ahead and violate me!" This officer advised the offender that he was free to leave and he exited the office.

4 **"The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer."**

On October 21, 2014, this officer attempted a home contact with the offender, but was unable to locate him, and left a card in his apartment door directing him to contact his officer immediately. On October 22, 2014, this officer left two voice mail messages directing the offender to contact his

officer. On October 23, 2014, this officer made a home exam attempt, but was unable to locate the offender. This officer left a card in his door to report the probation office on October 24, 2014; however, the offender failed to report. On October 24, 2014, this officer left the offender two voice mail messages that he was to report to the office on October 28, or a warrant would be requested, as he would be considered an absconder. On October 28, 2014, this officer attempted a home exam, and found the same card in the offender's door which had been left on October 21, 2014. This officer left a letter in the offender's mailbox and slid a letter under his apartment door which directed him to report immediately or he would be considered an absconder. This officer spoke with the offender's neighbor on October 28, 2014, and she stated she had not seen the offender in over one week. This officer contacted the offender's landlord who was able to reach the offender by telephone on October 28, 2014, and the landlord stated the offender advised him he had not been hom in "weeks." On October 28, 2014, the offender left a voice mail message that he received the information to contact his officer and would remain at home on October 29. On October 29, 2014, a home contact was made and a urine sample was collected from the offender, which later tested dilute. The offender was directed to keep in contact with the officer. On October 31, 2014, the officer made an attempted home contact, and after not locating the offender, went to the address he provided for his daughter, where he claimed he was spending time; however, that turned out to be a false address. A card was left at the offender's residence on October 31, 2014, directing him to report to the probation office on November 3, 2014. The offender failed to report to the office on November 3, 2014, and advised he went to a doctor's appointment instead. The offender did report to the office on November 4, 2014, however; he left the office without providing a urine sample, as directed.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is IV.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 12 to 18 months' imprisonment.

5. The parties jointly recommend a sentence of thirteen (13) months with no

supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that

his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of thirteen (13) months with no supervised release to follow of his supervised release. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.


Dated: 11/24/2014

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana


Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal